# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * | | |
| JOHNNIE EVANS, JR., | * | |
| as the legal Representative | * | No. 16-240V |
| of the Estate of | * | Special Master Christian J. Moran |
| JOHNNIE EVANS, SR., deceased, | * | |
| | * | |
| Petitioners, | * | |
| v. | * | Filed: July 28, 2017 |
| | * | |
| SECRETARY OF HEALTH | * | Stipulation; influenza ("flu") vaccine; |
| AND HUMAN SERVICES, | * | Guillain-Barré syndrome ("GBS"); |
| | * | death |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * | | |

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioner;
Adriana R. Teitel, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION[1]

On July 21, 2017, the parties filed a joint stipulation concerning the petition for compensation filed by Johnnie Evans, Jr., on February 18, 2016. In his petition, petitioner alleged that his father, Johnnie Evans, Sr., received the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (42 C.F.R. §100.3(a)), on October 10, 2014, and the flu vaccine caused his father to suffer Guillain-Barré syndrome and ultimately lead to his father's death on February 10, 2015. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his father's behalf as a result of his father's condition or death.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that the vaccines either caused or significantly aggravated petitioner's father's alleged injury, any other injury, or his death.

Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A lump sum payment of $310,000.00 in the form of a check payable to petitioner as the legal representative of the estate of Johnnie Evans, Sr. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 16-240V according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

JOHNNIE EVANS, Jr., as Legal
Representative of the Estate of
JOHNNIE EVANS, Sr., deceased,

           Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

           Respondent.

No. 16-240V
Special Master Moran
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Johnnie Evans, Jr., ("petitioner"), as the Legal Representative of the Estate of Johnnie Evans, Sr. ("JES"), deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries and death allegedly related to JES's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. JES received the flu vaccine on October 10, 2014.

3. The vaccine was administered within the United States.

4. Petitioner alleges that as a result of receiving the flu vaccine, JES suffered Guillain-Barré Syndrome ("GBS"). JES passed away on February 10, 2015. Petitioner further alleges that JES's death was the sequela of his alleged vaccine-related injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of JES as a result of his alleged condition or death.

6. Respondent denies that the flu vaccine caused JES's alleged GBS, any other injury, or his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $310,000.00 the form of a check payable to petitioner as legal representative of the Estate of Johnnie Evans, Sr. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies; Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of the Estate of Johnnie Evans, Sr., under the laws of the State of Ohio. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as legal representative of the Estate of Johnnie Evans, Sr. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of Johnnie Evans, Sr., at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Johnnie Evans, Sr., upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in his individual capacity, and as the Legal Representative of the Estate of Johnnie Evans, Sr., on behalf of the Estate and JES's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or

death of JES resulting from, or alleged to have resulted from, the flu vaccine administered on October 10, 2014, as alleged in a Petition filed on February 18, 2016, in the United States Court of Federal Claims as petition No. 16-240V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused JES's alleged GBS, any other injury, or his death.

17. All rights and obligations of petitioner in his capacity as the Legal Representative of the Estate of Johnnie Evans, Sr., shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*[signature]*
JOHNNIE EVANS, JR.

| | |
|---|---|
| ATTORNEY OF RECORD FOR PETITIONER:<br><br>*Ronald C Homer by Lauren Faga*<br>*Rule 83.1(c)(2)*<br>RONALD C. HOMER<br>CONWAY HOMER, P.C.<br>16 Shawmut Street<br>Boston, MA 02116<br>(617) 695-1990 | AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:<br><br>*[signature]*<br>CATHARINE E. REEVES<br>Deputy Director<br>Torts Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, DC 20044-0146 |
| AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:<br><br>*[signature]*<br>NARAYAN NAIR, M.D.<br>Acting Director, Division of<br>Injury Compensation Programs<br>Healthcare Systems Bureau<br>U.S. Department of Health<br>and Human Services<br>5600 Fishers Lane<br>Parklawn Building, Mail Stop 08-N146B<br>Rockville, MD 20857 | ATTORNEY OF RECORD FOR RESPONDENT:<br><br>*[signature]*<br>ADRIANA TEITEL<br>Trial Attorney<br>Torts Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, DC 20044-0146<br>(202) 616-3677 |

Dated: July 21, 2017