# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * | |
| JOHNNIE EVANS, JR.,    * | |
| as the legal Representative    * | No. 16-240V |
| of the Estate of    * | Special Master Christian J. Moran |
| JOHNNIE EVANS, SR., deceased,    * | |
|    * | |
|           Petitioner,    * | |
| v.    * | Filed: December 13, 2017 |
|    * | |
| SECRETARY OF HEALTH    * | |
| AND HUMAN SERVICES,    * | Attorneys' fees and costs; waiver |
|    * | |
|           Respondent.    * | |
| * * * * * * * * * * * * * * * * * * * | |

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioner;
Adriana R. Teitel, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

After receiving compensation through the Vaccine Program, Johnnie Evans, Jr., filed a motion for attorneys' fees and costs. Mr. Evans is awarded the full amount of his request, **$23,245.03**.

\*    \*    \*

Mr. Evans, Jr., alleged that an influenza vaccination caused Johnnie Evans, Sr., to suffer Guillain Barré syndrome and ultimately led to his death. The parties

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

agreed to a stipulation resolving the amount of compensation. The stipulation was incorporated into a decision awarding Mr. Evans' compensation. <u>Decision</u>, issued July 28, 2017, 2017 WL 3599624. With the merits of Mr. Evans' case resolved, the parties addressed attorneys' fees and costs.

Mr. Evans filed an attorneys' fees and costs petition on November 21, 2017, requesting $22,529.00 in fees and $696.04 in costs. Mr. Evans incurred $19.99 in costs personally. Statement Regarding Gen. Order No. 9, filed Nov. 21, 2017.

The Secretary filed a response representing that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp., filed Dec. 5, 2017, at 2. The Secretary did not raise any specific objections and recommended that the Special Master "exercise his discretion" when determining a reasonable award. <u>Id</u>. at 3.

This matter is now ripe for adjudication.

\* \* \*

Because Mr. Evans received compensation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e).

Pursuant to the rationale established in <u>Swintosky v. Sec'y of Health & Human Servs.</u>, No. 12-403V, 2017 WL 5899239 (Fed. Cl. Spec. Mstr. Nov. 6, 2017),[2] the Secretary has waived any objections to the amount of fees requested. Absent any objections, Mr. Evans's request for attorneys' fees and costs is GRANTED IN FULL:

> **a. A lump sum of $23,225.04 in the form of a check made payable to petitioner and petitioner's attorney, Ronald C. Homer; and**
>
> **b. A lump sum of $19.99 in the form of a check made payable to petitioner.**

These amounts represents reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for

---

[2] In <u>Swintosky</u>, the parties submitted a joint notice of decision not to seek review of the Fees Decision.

review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.